**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40272

(Summary Calendar)
_____

FRANK DIGGES,

                              Plaintiff-Appellant,

versus


A JEFFCOAT; STEVEN W CROSBY; BRIAN HORTON;
JESSE WILLIAMS,

                              Defendants-Appellees.


Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CV-831)

June 24, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Frank Digges, Texas state prisoner #473881, appeals from the
district court's dismissal of his civil rights claims.  Digges'
motion for leave to file his reply brief out of time is GRANTED.

    Digges argues that the district court abused its discretion
when, following a hearing conducted pursuant to _Spears v. McCotter_,

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

766 F.2d 179 (5th Cir. 1985), it dismissed his claims of 1) false disciplinary charges; 2) denial of meals; 3) due process violations during prison disciplinary hearings; 4) harassment; and 5) conspiracy to retaliate. Digges further argues that the district court erred when it dismissed his retaliation claims against Officers Steven W. Crosby and Brian Horton following a hearing conducted pursuant to *Flowers v. Phelps*, 956 F.2d 488 (5th Cir.), *modified on other grounds*, 964 F.2d 400 (5th Cir. 1992). Digges additionally contends that the magistrate judge erred in denying his motion requesting an *in camera* inspection of tapes of his disciplinary hearings. He asserts that the magistrate judge erred in refusing to provide him with a copy of the transcript of the *Flowers* hearing. Finally, he argues that the district court erred in denying his motion for appointment of counsel.

As an initial matter, Digges' claims seeking damages as a result of the filing of the purportedly false disciplinary charges (other than his retaliation claim) and alleging due process violations during prison disciplinary proceedings call into question the lawfulness of his punishment by loss of good-time credits. As he has not demonstrated that he has previously obtained habeas corpus relief with regard to this punishment, as required by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994), these claims cannot now be presented in a 42 U.S.C. § 1983 action. *See Edwards v. Balisock*, __ U.S.__, 117 S. Ct. 1584, 1588-89, 137 L. Ed. 2d 906 (1997).

The district court proper dismissed Digges' claim for the

denial of several breakfasts because the isolated denial of meals is insufficient to support a § 1983 cause of action. *See Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998).

We also find that the district court properly dismissed Digges' claim that the officers verbally harassed him and shone a flashlight into his cell. As a matter of law, verbal harassment, without more, cannot amount to a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("[M]ere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations."). Even combined with the shining of a flashlight, the verbal harassment is still insufficient to state an arguable constitutional claim under § 1983.

Moreover, the district court did not abuse its discretion in dismissing Digges' claim that Officers Horton and Crosby harbored a retaliatory motive in filing disciplinary charges against Digges. Digges failed to establish that but for the retaliatory motive, the complained of acts would not have occurred. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995).

Finally, Digges has not shown error in the court's denial of his motions to review a copy of the transcript of the *Flowers* hearing or to conduct an *in camera* inspection of the disciplinary hearing tapes. *See Cranberg v. Consumers Union of United States, Inc.*, 756 F.2d 382, 392 (5th Cir. 1985). Digges also has not demonstrated that the court abused its discretion in denying his

motions for appointment of counsel in the trial court and on appeal.  *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

AFFIRMED.